IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT NOSBISCH, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 08-cv-0821-MJR-CJP ) |
| BAYER AG and BAYER HEALTHCARE, LLC., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

Robert Nosbisch filed the above-captioned putative class action suit in this District Court on November 17, 2008, alleging "improper and fraudulent acts" committed by the Bayer Defendants in connection with the manufacturing and distribution of a product knows as Bayer Aspiring with Heart Advantage.

Subject matter jurisdiction is invoked under the federal question statute, 28 U.S.C. § 1331. Nosbisch bases this action on violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, plus the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et seq.*

One of two named Defendants (Bayer Healthcare, LLC) appeared in the action on January 20, 2009. Now before the Court is the parties' joint motion to stay all proceedings in this Court pending a ruling by the Judicial Panel on MultiDistrict Litigation (MDL) on whether to transfer this action for consolidated discovery proceedings as part of MDL No. 2023, In Re Bayer

1

Corp. Litigation.

Although cognizant that the MDL Panel is considering whether to transfer this action, the Court **DENIES at this time** the motion to stay all proceedings (Doc. 9). The undersigned District Judge generally does *not* stay pretrial proceedings pending MDL transfer. **FEDERAL RULE OF PROCEDURE OF THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION 1.5** provides that the pendency of a motion for transfer to the MDL "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Similarly, the **MANUAL FOR COMPLEX LITIGATION, Federal Judicial Center, § 20.131 and § 22.35 (4th ed. 2004)**, states that during the pendency of a motion for MDL transfer, the court in which the action was filed retains jurisdiction over the case and need not suspend proceedings.

The Court declines to stay the matter but will closely monitor any further orders from the MDL Panel, including any final transfer order which may issue herein. In the meantime, the undersigned Judge will TRACK the case and assign a trial date. However, the Magistrate Judge assigned hereto (the Honorable Clifford J. Proud) **need not enter a Scheduling and Discovery Order** at this time and is respectfully requested to wait 90 days before proceeding with that step.

**IT IS SO ORDERED.**

**DATED this 29th day of January 2009.**

> s/ Michael J. Reagan
> **MICHAEL J. REAGAN**
> **United States District Court**